**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JENIQUA IRENE KNUCKLES,
          Appellant,

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
CB-7121-18-0008-V-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeniqua Irene Knuckles</u>, Summerville, South Carolina, pro se.

<u>Christopher M. Kenny</u>, Fort Eisenhower, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

Pursuant to 5 U.S.C. § 7121(d), the appellant has filed a request for review of an arbitrator's decision, which found that the grievance of her removal action was not appealed to arbitration in a timely manner and, therefore, was not arbitrable. For the reasons set forth below, we GRANT the appellant's request for review and SUSTAIN the arbitrator's decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant, an Office Support Assistant at its Dwight David Eisenhower Army Medical Center in Fort Gordon, Georgia, effective March 7, 2014.  Request for Review (RFR) File, Tab 1 at 54-55.  On March 25, 2014, the appellant, through her union representative, filed a step three grievance challenging her removal and raising discrimination claims in accordance with negotiated grievance procedure.  *Knuckles v. Department of the Army*, MSPB Docket No. CB-7121-14-0025-V-1, Final Order at 2 (May 27, 2015).  In a step three grievance decision dated May 20, 2014, the agency affirmed the removal action, finding the action justified by the evidence and reasonable under the circumstances.  *Id.*

On September 5, 2014, the appellant filed a Board appeal in which she requested the Board's review of the step three grievance decision.  *Id.*  In a final order dated May 27, 2015, the Board dismissed the appeal for lack of jurisdiction.  *Id.* at 1.  The Board found that there was no final decision to review because the step three grievance decision was not a final decision within the meaning of 5 U.S.C. § 7121(d).  *Id.* at 3-7.  Subsequently, on a date after September 30, 2016, the union appealed the step three grievance decision to arbitration.  RFR File, Tab 1 at 33.  In a decision dated December 5, 2017, the arbitrator found that the grievance was not arbitrable because it was not appealed to arbitration in a timely manner.  *Id.* at 43.

On January 9, 2018, the appellant filed the present appeal in which she requested review of the December 5, 2017 arbitrator's decision.  RFR File, Tab 1 at 2.  She raised claims of discrimination and harmful procedural error.  *Id.* at 5.  The agency filed a response to the appellant's request.  RFR File, Tab 9.  It argued, among other things, that the arbitrator's conclusion that the arbitration request was untimely filed could not be found to be unreasonable, arbitrary, or an abuse of discretion.  *Id.* at 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The Board has jurisdiction over a request for review of a final grievance or arbitration decision under 5 U.S.C. § 7121(d) when the following conditions are met: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either raised a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) in the negotiated grievance procedure, or raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. 5 C.F.R. § 1201.155(a)(1), (c); *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014).

We find that the appellant satisfies the jurisdictional criteria. Specifically, her grievance challenges a removal under 5 U.S.C. § 7512, a subject matter over which the Board has jurisdiction; she raised a claim of discrimination in the negotiated grievance procedure; and the arbitrator issued a final decision in the matter.[2] 5 U.S.C. §§ 7512(1), 7513(d), 7702(a)(1); RFR File, Tab 1 at 23-55. Consequently, we find that we have jurisdiction to review the arbitrator's decision. *See Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014).

The Board's standard of review of an arbitrator's award is narrow; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 7 (2013); *Fanelli v. Department of Agriculture*, 109 M.S.P.R. 115, ¶ 6 (2008). The Board will modify or set aside an arbitration decision only when the arbitrator has erred as a matter of law in interpreting civil

---

[2] The agency argues in its response to the appellant's request for review that the appellant should be collaterally estopped from relitigating an issue previously addressed by the Board—that the union declined to arbitrate the appellant's grievance. RFR File, Tab 9 at 7-8. Even if we were persuaded by this argument, the Board need not apply the doctrine in all cases, and, given our disposition, we would not do so here. *See, e.g., Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).

service law, rule, or regulation, and, absent such legal error, the Board cannot substitute its conclusions for those of the arbitrator, even if it would disagree with the arbitrator's decision. *Sadiq*, 119 M.S.P.R. 450, ¶ 7. Moreover, an arbitrator is uniquely qualified to interpret a collective bargaining agreement (CBA), which is the source of the arbitrator's authority. *Id.* Thus, an arbitrator's decision that "draws its essence" from the CBA is entitled to deference and should only be vacated when it manifests an infidelity to this obligation. *Id.* In making this determination, any doubts concerning the merits of the arbitrator's decision must be resolved in favor of the decision. *Id.*

Here, the arbitrator found, pursuant to Section 12a of Article 34 of the relevant CBA, that a request to refer a grievance to arbitration must be in writing and received "not later than 20 workdays following receipt of the final decision." RFR File, Tab 1 at 36, 39. The arbitrator found that the union did not refer the appellant's grievance to arbitration in writing until years after receipt of the step three grievance decision. *Id.* at 39. He concluded, therefore, that the grievance was not timely referred to arbitration and was not arbitrable for that reason. *Id.* at 39-42.

Based on the record before us, we find that the appellant has provided no basis for disregarding the deference due to the arbitrator's interpretation of the relevant CBA provisions in this case. *See Fanelli*, 109 M.S.P.R. 115, ¶¶ 10-12. Accordingly, the arbitrator's decision in this matter is sustained.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.